IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 19-cv-02554-RM-GPG

CHAD MORSE,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant.

___

**ORDER**
___

    Before the Court is Plaintiff's Motion to Conduct Trial at the Wayne Aspinall U.S. Courthouse (ECF No. 35), which has been fully briefed (ECF Nos. 41, 43). For the reasons below, the Motion is denied.

    Plaintiff contends that conducting the upcoming trial in Grand Junction would minimize litigation expenses in this case because he, his counsel, and most witnesses who may testify, including surgeons and treating medical providers, are located there. Defendant, on the other hand, contends that litigation expenses would be higher if the trial were held in Grand Junction because seven out of nine of the retained expert witnesses both parties have endorsed work in the Denver metropolitan area and expert costs associated with travel and testifying at trial will likely comprise a substantial share of the overall costs. For present purposes, the Court finds that the price tag of the trial does not provide a compelling reason to conduct it in Grand Junction.

In his Motion, Plaintiff also contends that his witnesses would be outside of his trial subpoena power if the trial takes place in Denver. However, he abandons this argument in his Reply, and the Court finds that no subpoena power issues weigh in Plaintiff's favor. The Reply also emphasizes Plaintiff's preference for the forum, the convenience to witnesses who may testify (as opposed to the overall cost of the litigation), and judicial efficiency. Equivocal countervailing concerns arise for each of these factors. In the absence of a compelling reason to do so, the Court is not inclined to grant the Motion.

In the alternative, Plaintiff requests that Western Slope witnesses be permitted to testify by video. That request is denied without prejudice. During the Covid-19 pandemic, the Court has conducted numerous hearings virtually and, in the process, become all too familiar with the inevitable technical difficulties, glitches, and frustrating delays to believe that video testimony in a jury trial is advisable at this time.

Therefore, the Court DENIES Plaintiff's Motion (ECF No. 35).

DATED this 29th day of April, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge